UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>        v.<br><br>JASON C. BROWN (25); SEAN L.<br>LAMBERT (28),<br><br>                          Defendants. | NO:  2:14-CR-21-RMP-25, 28<br><br>ORDER MEMORIALIZING THE<br>COURT'S ORAL RULINGS |

The Court held a pretrial conference on April 20, 2015.  Defendant Jason C. Brown, who is in custody, was present and represented by Douglas D. Phelps. Defendant Sean L. Lambert, who is not in custody, was present and represented by Jeffry K. Finer.  This Order memorializes and supplements the Court's oral rulings.

*Supplemental Motion for Separate Trial on Counts*

The Court heard argument on Mr. Brown's Supplemental Motion for Separate Trial on Counts, ECF No. 1292.  This motion supplements an earlier motion to separate the counts and defendants, which the Court previously held in abeyance.  *See* ECF Nos. 785; 1270 at 3.

ORDER MEMORIALIZING THE COURT'S ORAL RULINGS ~ 1

1    In the supplemental motion, Mr. Brown requests the Court to sever from his

2  trial counts in the Indictment that are unrelated to his alleged conduct.  *See* ECF

3  No. 1292 at 3.  However, Mr. Brown currently is the only defendant set for the trial

4  beginning on May 4, 2015.  Accordingly, Mr. Brown's request to have a separate

5  trial from his co-defendants is moot.  Moreover, the two counts alleged against Mr.

6  Brown, conspiracy to distribute oxycodone hydrochloride and distribution of the

7  same drug, properly were joined for trial.  *See* Fed. R. Crim. P. 8(a) ("The

8  indictment or information may charge a defendant in separate counts with 2 or

9  more offenses if the offenses charged . . . are of the same or similar character, or

10  are based on the same act or transaction, or are connected with or constitute parts

11  of a common scheme or plan.").

12    Thus, Mr. Brown's Supplemental Motion for Separate Trial on Counts is

13  denied.

14    *Motion for Disclosure of Exculpatory Evidence*

15    Mr. Brown also moves the Court to order the Government to disclose

16  evidence pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  ECF No. 1293.

17  *Brady* requires the Government to produce evidence that is favorable to the

18  defense and "material either to guilt or to punishment, irrespective of the good

19  faith or bad faith of the prosecution."  373 U.S. at 87.  Under Fed. R. Crim. P. 16,

20  which governs discovery, a defendant must raise a prima facie showing of

21  materiality.  *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990).  In

1  other words, "a defendant must present facts which would tend to show that the

2  Government is in possession of information helpful to the defense." *See id.*

3      Mr. Brown specifically seeks evidence related to the weight of the pills that

4  the Government alleges that Mr. Brown sold, reports about a confidential

5  informant, and a field test of pills obtained in two controlled buys involving Mr.

6  Brown's co-defendants. *See* ECF Nos. 1293, 1360.  As counsel for Mr. Brown

7  explained during the pretrial conference, Mr. Brown suspects that the informant

8  who conducted controlled buys actually provided agents with fake drugs on

9  multiple occasions.

10     In response, the Government explained in detail how the recorded weight of

11 the pills from Mr. Brown varied depending on the packaging material that was

12 weighed with the pills at any given time.  *See* ECF No. 1338 at 9-11.  The

13 Government states that the net weight of the 50 pills is 5 grams.  ECF No. 1338 at

14 11.  The Government also noted that it would give defense counsel a redacted copy

15 of the confidential informant's file ten days prior to trial, in accordance with the

16 Government's policy.  At the hearing, the Government additionally offered to

17 consider conducting a field test of the pills obtained during the controlled buys

18 from the two co-defendants whom Mr. Brown discussed.

19     The Court finds that Mr. Brown has not provided sufficient facts to show

20 that the Government is in possession of any undisclosed exculpatory evidence.

21 The Government adequately has explained the reason why the record shows

ORDER MEMORIALIZING THE COURT'S ORAL RULINGS ~ 3

different weights for the pills that Mr. Brown allegedly sold.  Furthermore, Mr.

Brown provides no basis for his speculation that the confidential informant

supplied the Government with fake drugs.  To the extent that the confidential

informant's file reveals that the informant gave agents fake drugs, Mr. Brown will

learn of that information when the Government provides the redacted file in

accordance with the Government's policy.

The Court grants Mr. Brown's Motion for Disclosure of Exculpatory

Evidence only as it pertains to the disclosure of a redacted copy of the confidential

informant's file ten days before trial.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Motion for Separate Trial on Counts, **ECF No. 785**, is **DENIED**.

2. Mr. Brown's Supplemental Motion for Separate Trial on Counts, **ECF No. 1292**, is **DENIED**.

3. Mr. Brown's Motion for Disclosure of Exculpatory Evidence, **ECF No. 1293**, is **GRANTED IN PART and DENIED IN PART**, as explained above.

The District Court Clerk is directed to enter this Order and provide copies to

counsel.

**DATED** this 22nd day of April 2015.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge

ORDER MEMORIALIZING THE COURT'S ORAL RULINGS ~ 4