1

2

3

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2020

SEAN F. McAVOY, CLERK

4

5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,

8                          Plaintiff,          NO:  2:14-CR-21-RMP-25

9           v.                                 ORDER DENYING DEFENDANT'S
                                               MOTION TO VACATE, SET ASIDE,
10   JASON C. BROWN (25),                       OR CORRECT SENTENCE

11                          Defendant.

12

13        BEFORE THE COURT is Defendant/Petitioner's Motion to Vacate, Set

14   Aside, or Correct Sentence under 28 U.S.C. § 2255.  ECF No. 2549.

15   Defendant/Petitioner Mr. Brown collaterally attacks his sentence of 75 months for

16   Conspiracy to Distribute Oxycodone Hydrochloride, in violation of 21 U.S.C. §§

17   841(a)(1), (b)(1)(C) and 21 U.S.C. § 46 (Count 2), and for Distribution of

18   Oxycodone Hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) (Count

19   18).  Mr. Brown moves for relief on three grounds:  (1) Mr. Brown claims he

20   acquired newly discovered evidence that shows that the Government

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 1

"manufactured" Drug Enforcement Agency ("DEA") lab reports; (2) Mr. Brown

claims the Government committed prosecutorial misconduct by submitting

"manufactured" DEA lab reports and disseminating a Co-Defendant's sealed plea

agreement; and (3) Mr. Brown claims that his Trial Counsel provided ineffective

assistance. *See* ECF No. 2549 at 4–7. The Court has reviewed the motions,

considered the record, and is fully informed.

## BACKGROUND

On December 13, 2013, 50 pills were seized in a controlled buy between the

Government's confidential informant and Mr. Brown. ECF No. 1464 at 9. On

January 30, 2014, the pills were shipped to a DEA lab for analysis. ECF No. 1296-

5. The evidence tested positive for oxycodone hydrochloride. *Id.* This initial test

was performed by former DEA Senior Forensic Chemist Luke Skifich and approved

by Laboratory Director Bryan Henderson. *Id.*

Mr. Brown was indicted on February 20, 2014, for one count of Conspiracy to

Distribute Oxycodone Hydrochloride (Count 2) and one count of Distribution of

Oxycodone Hydrochloride (Count 18). ECF No. 1. Attorney Doug Phelps ("Trial

Counsel") represented Mr. Brown in the underlying criminal proceedings. ECF No

559.

On March 23, 2015, Mr. Brown filed a Motion for Disclosure of Exculpatory

Evidence, requesting documentation of the weight and number of pills seized related

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 2

1   to the distribution charge, as well as all reports related to the Confidential Informant.

2   ECF No. 1293 at 4.  The Court granted the Motion for Disclosure in part "only as it

3   pertains to the disclosure of a redacted copy of the confidential informant's file ten

4   days before trial."  ECF No. 1407 at 4.  The Court noted that "Mr. Brown [had] not

5   provided sufficient facts to show that the Government is in possession of any

6   undisclosed exculpatory evidence" and "[t]he Government adequately has explained

7   the reason why the record shows different weights for the pills that Mr. Brown

8   allegedly sold."  *Id.* at 3–4.

9        On April 16, 2015, the Government submitted its Notice of Intent to Use

10   Expert Testimony pursuant to Fed. R. Crim. P. 16.  ECF No. 1374.  The Government

11   listed former DEA Chemist Luke Skifich, who performed the initial test, and

12   potentially another DEA Chemist as witnesses the Government expected to call at

13   trial.  *Id.*  However, both parties could not locate Mr. Skifich.  ECF No. 2070 at 27,

14   29–30.  Thus, the Government had the 50 pills that were seized in the controlled buy

15   from Mr. Brown retested by the DEA and represented to the Court that the results

16   were the same as earlier:  the pills contained oxycodone.  ECF No. 2070 at 29.  The

17   Government stated that it intended to call another DEA Chemist to describe the

18   testing procedure.  ECF No. 2070 at 30.

19        Trial commenced on May 4, 2015.  ECF No. 1459.  On May 5, 2015, Mr.

20   Brown entered a guilty plea pursuant to a Fed. R. Civ. P. 11(c)(1)(C) plea

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 3

agreement.  ECF No. 1464.  Mr. Brown pled guilty to Count 2 of the Indictment,

charging him with Conspiracy to Distribute Oxycodone Hydrochloride, in violation

of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 21 U.S.C. § 846, and Count 18 of the

Indictment, charging him with Distribution of Oxycodone Hydrochloride, in

violation of 21 U.S.C. §841(a)(1), (b)(1)(C).  The Court accepted Mr. Brown's

guilty plea.  ECF No. 1467.

Pursuant to the plea agreement, Mr. Brown agreed to waive his right to appeal

the conviction and sentence.  *Id.* at 15.  Mr. Brown further agreed to waive his right

to file any post-conviction motions attacking his conviction and sentence, including

a motion pursuant to 28 U.S.C. §2255, except one based on ineffective assistance of

counsel.  *Id.*  The Court accepted Mr. Brown's guilty plea on May 7, 2015.  ECF No.

1467.

Following the entry of Mr. Brown's guilty plea, the Government became

aware that Mr. Brown allegedly had obtained a sealed plea agreement addendum

from a trial exhibit binder that identified a cooperating Co-Defendant by name and

who was prepared to testify against Mr. Brown and other Co-Defendants.  ECF No.

2581 at 3.  The Government further learned that Mr. Brown and Co-Defendant

Joseph Davis had disseminated the sealed Plea Agreement in jail.  *Id.* at 4.

Mr. Brown was indicted on August 18, 2015, for Contempt of Court and

Conspiracy to Obstruct Justice by Retaliation Against a Witness.  ECF No. 2, Case

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 4

No. 2:15-CR-83-RMP.  On February 1, 2016, the Court dismissed the Contempt of Court charge.  ECF No. 90, Case No. 2:15-CR-83-RMP.  On May 6, 2016, a jury returned a guilty verdict against Mr. Brown for Conspiracy to Obstruct Justice by Retaliation Against a Witness.  ECF No. 190, Case No. 2:15-CR-83-RMP.

On November 7, 2016, a consolidated sentencing hearing took place for the Conspiracy to Distribute and Distribution of Oxycodone Hydrochloride charges as well as the Conspiracy to Obstruct Justices charge.  ECF No. 2025.  On the drug related charges, the Court sentenced Mr. Brown to 75 months, a three–year term of supervised release, and a $200 special penalty assessment.  ECF No. 2026.  On the Conspiracy to Obstruct Justice charge, the Court sentenced Mr. Brown to 60 months, with the sentences to run consecutively.  ECF No. 2026; ECF No. 218, Case No. 2:15-CR-83-RMP.

On November 18, 2016, Mr. Brown filed a Consolidated Notice of Appeal for the drug trafficking and conspiracy to obstruct justice cases.  ECF No. 2033.  On appeal, Mr. Brown was represented by Robin Collett Emmans ("Appeal Counsel").  ECF No. 2100.  Mr. Brown withdrew his appeal related to the drug trafficking charges as well as his argument that he received ineffective assistance of counsel.  ECF No. 2386 at 2, n. 1.  On December 5, 2018, the Ninth Circuit affirmed the judgment and sentence in the conspiracy to obstruct justice case.  ECF No. 2386.  The Ninth Circuit issued its formal mandate on December 27, 2018.  ECF No. 2389.

On March 3, 2020, Mr. Brown filed a Motion to Vacate, Set Aside, or Correct Sentence resulting from the Conspiracy to Distribute and Distribution of Oxycodone Hydrochloride charges.  ECF No. 2549.  Mr. Brown challenges the judgment of conviction and sentence on three grounds:  (1) newly discovered evidence; (2) prosecutorial misconduct; and (3) Trial Counsel's ineffective assistance.  *Id.*  The Government argues that Mr. Brown's collateral attack, based upon claims of newly discovered evidence and prosecutorial misconduct, is barred by the express terms of the plea agreement.  *See* ECF No. 2581.  Even if the Court proceeds to the merits of Mr. Brown's motion, the Government argues that Mr. Brown's claims are meritless and do not warrant relief.  *See id.*

## LEGAL STANDARD

A prisoner in custody may move the court which imposed his or her sentence to vacate, set aside, or correct the sentence because "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is subject to collateral attack."  28 U.S.C. § 2255(a).  The claimed error must be "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)).

A defendant's waiver of his right to appeal or file a post-conviction motion pursuant to § 2255 is valid if the defendant consented to express terms knowingly and voluntarily.  *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000).

## DISCUSSION

### I.    Evidentiary Hearing

Mr. Brown has requested "[a] reduction in [his] 75 month sentence and/or a[n] Evidentiary hearing."  It is unclear whether Mr. Brown's request is for an evidentiary hearing on his § 2255 motion or with respect to the evidence in the underlying criminal case.  *See* ECF No. 2585 at 8 ("I strongly feel an evidentiary hearing was needed.  Had [Trial Counsel] requested one we wouldn't be here today.").  The Court must address whether an evidentiary hearing on Mr. Brown's § 2255 motion is warranted before proceeding to the merits.

When a prisoner files a § 2255 motion, the district court must grant an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Evidentiary hearings are particularly appropriate when "claims raise facts which occurred out of the courtroom and off the record."  *United States v. Burrows*, 872 F.2d, 915, 917 (9th Cir. 1989).  However, "courts may use discovery or documentary evidence to expand the record."  *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (citing *Watts v. United States*, 841 F.2d 275, 277 (9th Cir.

1988)).  "Section 2255 requires only that the district court give a claim 'careful

consideration and plenary processing, including full opportunity for presentation of

the relevant facts.'"  *Shah*, 878 F.2d at 1159 (citations omitted).

Here, the record before the Court includes transcripts of the pretrial

conferences, the change of plea hearing, and the sentencing hearing[1], as well as

motion practice by counsel with respect to the evidence that Mr. Brown maintains

was "manufactured."  Upon considering the record, in addition to this Court's own

recollections of the proceedings, the Court finds that the record is sufficiently

complete and, therefore, declines to hold an evidentiary hearing.  *See e.g.*, *Shah*, 878

F.2d at 1160 (affirming district court's decision to not hold an evidentiary hearing

based on a record which included, among other documents, transcripts of the plea

and sentencing hearings as well as the judge's own recollections).  Here, the record

permits the Court to give Mr. Brown's allegations "careful consideration and plenary

processing" without an evidentiary hearing.  *Watts*, 841 F.2d at 277 (quoting

*Blackledge v. Allison*, 431 U.S. 63, 82–83 (1977)).  As is made clear *supra*, the

Court is adequately apprised of the relevant facts and can evaluate Mr. Brown's

claims based on the record before the Court.

/ / /

---

[1] ECF Nos. 2059, 2070, 2071.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 8

## II.    Procedurally Defaulted Claims

The Government argues that Mr. Brown's collateral attack based on newly discovered evidence showing that the lab reports were "manufactured" as well as allegations of prosecutorial misconduct is barred by the plea agreement entered into by Mr. Brown.  ECF No. 2581 at 5.

A § 2255 motion is a statutory right and "[a] knowing and voluntary waiver of a statutory right is enforceable."  *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).  Generally, courts will enforce a § 2255 waiver if (1) the language of the waiver encompasses a defendant's right to file a § 2255 motion on the grounds claimed in the motion, and (2) the waiver is knowingly and voluntarily made. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000); *see also United States v. Rodriguez*, 2018 WL 3966958 at *2 (E.D. Wash. Aug. 17, 2018) (dismissing petitioner's 28 U.S.C. § 2255 motion based upon valid waiver in plea agreement).

Here, the plea agreement entered into by Mr. Brown states that:

[t]he Defendant further expressly waives his right to file any post-conviction motions attacking his conviction or sentence, including a motion pursuant to 28 U.S.C. § 2255, except one based on ineffective assistance of counsel based upon information not now known by the Defendant, and which, in the exercise of due diligence, could not have been known by the Defendant by the time the Court imposes the sentence.

ECF No. 1464 at 15.

First, the § 2255 waiver in the plea agreement is express, explicitly stating that Mr. Brown relinquished his right to file any post-conviction motion attacking his conviction and sentence, including a motion pursuant to 28 U.S.C. § 2255. ECF No. 1464 at 15. Thus, the language of the waiver encompasses Mr. Brown's right to file a § 2255 motion based on newly discovered evidence and prosecutorial misconduct.

Second, the Court already found that Defendant entered the plea agreement, including the waiver, knowingly and voluntarily. ECF No. 1467. In addition, the Court reviewed the plea agreement, including the waiver of collateral attack rights, with Mr. Brown at the change of plea hearing. ECF No. 2071 at 16.

Mr. Brown contends that he did not enter into the plea agreement knowingly because "he plead guilty to the pills being tested and confirmed by the DEA Lab," and this is allegedly incorrect because the pills were retested by the Washington State Crime Lab. ECF Nos. 1467 at 10; 2585 at 3–4. However, the record indicates that the pills were sent back to the DEA for retesting and the retest purportedly confirmed the initial results: that the pills purchased from Mr. Brown contained oxycodone hydrochloride. ECF Nos. 2070 at 29; 2549 at 21–22 (initial test performed by former DEA Senior Forensic Chemist Luke Skifich). Furthermore, Mr. Brown's knowledge of where the pills were tested is not material to the plea agreement. Mr. Brown knowingly pled guilty to the crimes of Conspiracy to Distribute Oxycodone Hydrochloride and Distribution of Oxycodone Hydrochloride,

1  not to where the pills were or were not tested for oxycodone.  The initial test results

2  showed that the pills contained oxycodone hydrochloride, and the retest allegedly

3  confirmed this result.  Therefore, Mr. Brown presents no new facts that cast doubt

4  on his knowledge of the elements of the offense or the voluntariness of his waiver.

5          The Court finds that Mr. Brown knowingly and voluntarily relinquished his

6  right to file a post-conviction motion pursuant to 28 U.S.C. § 2255, except one based

7  upon ineffective assistance of counsel.  Accordingly, the Court will consider only

8  Mr. Brown's Motion with respect to his claim that Trial Counsel failed to provide

9  effective assistance.

10  **III.    Ineffective Assistance of Counsel**

11          As noted above, Mr. Brown expressly waived the right to file a motion

12  pursuant to § 2255, "except one based on ineffective assistance of counsel based

13  upon information not [ ] known by the Defendant, and which, in the exercise of due

14  diligence, could not have been known by the Defendant by the time the Court

15  imposes the sentence."  ECF No. 1464 at 15.  Mr. Brown argues that his Trial

16  Counsel failed to provide ineffective assistance in the following ways: (1) Trial

17  Counsel failed to challenge the lab reports as "manufactured"; (2) Trial Counsel

18  failed to request an evidentiary hearing; (3) Trial Counsel failed to timely inform

19  Mr. Brown that the Government was retesting the evidence; (4) Trial Counsel failed

20  to subpoena former DEA Chemist Luke Skifich; and (5) Trial Counsel allegedly

disseminated a Co-Defendant's sealed plea agreement to Mr. Brown and informed

Mr. Brown that it was permissible for him to possess the sealed plea agreement of a

Co-Defendant.  ECF No. 2549 at 7.

In order to prevail on an ineffective assistance of counsel claim, a defendant

must show: (1) that counsel's performance was deficient; and (2) that counsel's

deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S.

668, 687 (1984).   To satisfy the first prong, a defendant must show that "counsel's

representation fell below an objective standard of reasonableness."  *Id.* at 688.  To

satisfy the second prong regarding prejudice, a defendant must show that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the

proceedings would have been different."  *Id.* at 694.  "A reasonable probability is a

probability sufficient to undermine confidence in the outcome."  *Id.*

There is a "strong presumption that counsel's conduct falls within the wide

range of professional assistance."  *Id.* at 689.  "[T]he defendant must overcome the

presumption that, under the circumstances, the challenged action might be

considered sound trial strategy."  *Id.*   The Court addresses each alleged failure in

turn.

//

//

1    **1. Failure to challenge allegedly manufactured lab reports**

2    Mr. Brown argues that Trial Counsel's assistance was ineffective because

3    Trial Counsel failed to challenge the authenticity of the lab reports by former DEA

4    Chemist Luke Skifich.  ECF Nos. 2549 at 7; 2585 at 6.  Mr. Brown maintains that

5    the report was "manufactured" by the Government.  ECF No. 2549 at 4.

6    Defense counsel has no duty to raise baseless or meritless arguments.  *See*

7    *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982); *see also United States*

8    *v. Tziu-Uc*, 2018 WL 664800 at *6 (D. Ore. Feb. 1, 2018) (finding that counsel's

9    conduct of entering into a stipulation regarding drugs, their weights, and their

10    purities, and not challenging the evidence as "fabricated," did not fall below an

11    objective standard of reasonableness).

12    Although Trial Counsel did not specifically challenge the lab report as

13    "manufactured" evidence, the record shows adequate effort by Trial Counsel aimed

14    at challenging the veracity of the lab report results as well as the introduction of

15    evidence from the retest.  Trial Counsel sought and was provided two opportunities

16    to review the physical evidence.  ECF No. 1338 at 8.  At the pretrial stage, Trial

17    Counsel filed a Motion for Disclosure of Exculpatory Evidence seeking all

18    discovery relevant to the 50 pills seized, all reports documenting the weight and

19    number of pills seized, as well as all reports related to the Confidential Informant in

20

furtherance of Defense's theory that the Confidential Informant supplied the Government with fake drugs. ECF Nos. 1296 at 4, 1360.

At the final pretrial conference, Trial Counsel further objected to introduction of the new test and corresponding report, as well as argued that the inability to examine former DEA Chemist Luke Skifich, who performed the initial testing, was prejudicial to Mr. Brown. ECF 2070 at 24. Trial Counsel made the Court aware that "part of the reason that Mr. Brown rejected [plea] offers was that . . . he anticipated that [Luke Skifich] would be coming to court to testify based upon the pleadings from the government." *Id.* at 32. In the alternative, Trial Counsel moved for a continuance to allow further inquiry with respect to the substitute chemist. *Id.* at 26. Thus, the record shows that Trial Counsel's efforts were objectively reasonable with respect to challenging the physical evidence.

In furtherance of his theory that the reports were "manufactured," Mr. Brown alleges that the signatures on the initial lab report, including the signature of Laboratory Director Bryan Henderson, were forged. ECF No. 2549 at 21. However, Bryan Henderson's signature appears manifestly the same in another unrelated lab report proffered by Mr. Brown. ECF No. 2549 at 38. Therefore, Mr. Brown has not overcome the presumption that Trial Counsel's decision to not challenge the authenticity of the lab reports as "manufactured" evidence was sound trial strategy. *See Strickland*, 466 U.S. at 689.

Accordingly, Mr. Brown's claim that Trial Counsel provided ineffective assistance by failing to challenge the lab reports as "manufactured" evidence does not meet the first prong of the *Strickland* test.

### 2. Failure to request an evidentiary hearing

Mr. Brown claims that Trial Counsel's assistance was ineffective because Trial Counsel failed to request an evidentiary hearing. ECF No. 2549 at 7. Assuming that Mr. Brown's claim is premised upon Trial Counsel's decision to not request an evidentiary hearing to challenge the lab reports as "manufactured" evidence, Trial Counsel's conduct, as detailed above, was objectively reasonable. *See Strickland*, 466 U.S. at 688. To the extent counsel has no duty to raise baseless or meritless arguments, it logically follows that counsel is under no duty to request an evidentiary hearing to raise those baseless or meritless arguments. *See Baumann*, 692 F.2d 565, 572 (9th Cir. 1982). Therefore, Mr. Brown's claim that Trial Counsel provided ineffective assistance by failing to request an evidentiary hearing does not meet the first prong of the *Strickland* test.

### 3. Failure to inform Defendant of evidence retesting

Mr. Brown contends that Trial Counsel's assistance was ineffective because Trial Counsel failed to inform Mr. Brown in a timely fashion that the evidence in his case would be retested. Mr. Brown argues that had he been so informed, he would

1   have accepted the original plea agreement that offered a sentencing recommendation

2   of 48 months.  ECF No. 2549 at 7.

3         The *Strickland* two-prong test applies to ineffectiveness claims arising from

4   the plea process.  *Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985).  The first part of the

5   inquiry is whether "counsel's advice 'was within the range of competence demanded

6   of attorneys in criminal cases.'"  *Id.* at 56, (quoting *McMann v. Richardson*, 397

7   U.S. 759, 771 (1970)).  "[A] defendant has the right to make a reasonably informed

8   decision whether to accept a plea offer."  *Turner v. Calderon*, 281 F.3d 851, 880

9   (quoting United *States v. Day*, 969 F.2d 39, 43 (3d. Cir. 1992)).  Defendant must

10  demonstrate that "the advice . . . he received was so incorrect and so insufficient that

11  it undermined his ability to make an intelligent decision about whether to accept the

12  [plea] offer."  *Turner*, 281 F.3d at 880 (quoting *Day*, 969 F.2d at 43).  The second

13  part "focuses on whether counsel's constitutionally ineffective performance affected

14  the outcome of the plea process."  *Hill*, 474 U.S. at 59.  To satisfy the "prejudice"

15  requirement, Mr. Brown must show that, "but for counsel's error, he would have

16  pleaded guilty [earlier] and would not have insisted on going to trial."  *Id.*

17        With respect to the first *Strickland* inquiry, Mr. Brown does not allege that

18  Trial Counsel failed to inform him about the plea offer.  Nor does Mr. Brown allege

19  that Trial Counsel affirmatively misled him about the law.  *See Turner*, 281 F.3d at

20  880.  Furthermore, Mr. Brown does not allege that the advice he received from Trial

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 16

1    Counsel was "so incorrect and so insufficient that it undermined his ability to make

2    an intelligent decision" when he rejected the offer[s] previously made by the

3    Government.  Indeed, by Mr. Brown's own admission, "many efforts were made by

4    [Trial Counsel] to get [Mr. Brown] to plead guilty."  ECF No. 2549 at 16.  Rather,

5    Mr. Brown claims that Trial Counsel's failure to timely inform him about the

6    retesting of evidence deprived Mr. Brown of the ability to accept a different plea

7    deal with a lower recommended sentence.

8         Mr. Brown claims that Trial Counsel informed him on May 1, 2015, three

9    days prior to the commencement of trial, that the evidence was going to be retested

10   and former DEA Chemist Luke Skifich would not be appearing.  ECF No. 2549 at

11   17.  Mr. Brown admits, however, that at the pretrial conference held on April 20,

12   2015, "[the Government] did make mention . . . that they may have to resubmit pills

13   to be retested."  ECF No. 2585 at 8.  In other words, Mr. Brown was informed as of

14   April 20, 2015, of the possibility that the pills may be retested.  Trial Counsel merely

15   confirmed to Mr. Brown that such possibility had materialized on May 1, 2015.

16        Even if this delay in communication fell below the objective standard of

17   performance, which the Court does not find, Mr. Brown has failed to show that the

18   alleged delay in confirming that the pills were going to be retested affected the

19   outcome of the plea process.  Based on Mr. Brown's own admission, Trial Counsel

20   advised Mr. Brown to accept previous deals.  ECF No. 2549 at 17.  Additionally,

1    Mr. Brown's self-serving statements that he would have accepted the plea deal

2    earlier are insufficient to establish that he made a less than fully informed decision in

3    rejecting the Government's previous offers. *See Turner*, 281 F.3d at 881 ("If the

4    rule were otherwise, every rejection of a plea offer . . . could be relitigated upon

5    defendant's later claim that had his counsel better advised him, he would have

6    accepted the plea offer.").  Furthermore, there is no evidence that the more favorable

7    deal was still on the table when Trial Counsel and Mr. Brown were made aware that

8    the evidence in Mr. Brown's case was going to be retested by the DEA.  ECF No.

9    2549 at 17.  The Government's decision to change a plea agreement's terms as the

10   case nears trial is not a part of the plea process that is within Trial Counsel's control.

11        Accordingly, Mr. Brown's claim that Trial Counsel provided ineffective

12   assistance by allegedly failing to inform Mr. Brown in a timely manner about the

13   retesting of evidence does not meet the *Strickland* test as it applies to the plea

14   process.

15   **4. Failure to subpoena former DEA Chemist Luke Skifich**

16        Mr. Brown also argues that Trial Counsel's assistance was ineffective

17   because Trial Counsel failed to subpoena former DEA chemist Luke Skifich who

18   initially tested the evidence in the case against Mr. Brown.  ECF No. 2549 at 7.

19        "An attorney's failure to locate an exculpatory witness does not constitute

20   ineffective assistance of counsel when evidence indicates the witness is in hiding."

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 18

1  *United States v. Vidales*, 143 Fed.Appx 52 (9th Cir. 2005); *see also Schad v. Ryan*,

2  671 F.3d 708, 717 (rejecting ineffective assistance of counsel claim because

3  although witness was not located, counsel's efforts to locate witness were

4  nonetheless "diligent and thorough").

5      At the final pretrial conference, the Court asked Trial Counsel if he had

6  subpoenaed Mr. Skifich.  ECF No. 2070 at 27.  Trial Counsel replied:

7      Judge, the problem is, I think we tried to locate him, haven't been able
       to find him.  We tried to call the DEA lab and ask for people there and

8      really didn't get any cooperation by even the person that's in charge of
       the lab, Mr. Henderson, who I think who has signed off on those lab

9      tests.

10  *Id.*  Trial Counsel's inability to locate Mr. Skifich was shared by the Government,

11  which represented to the Court that "[it] had difficulty locating the chemist as well.

12  He's left, he's on his own, which is why [it] decided to have the drugs retested, to

13  allow a chemist to be here in the court to describe the testing procedure."  *Id.* at 29–

14  30.  Thus, although Trial Counsel did not subpoena Mr. Skifich, the record shows

15  that Trial Counsel made a good faith effort to locate the former DEA chemist.  Trial

16  Counsel's efforts are underscored by the Government's shared inability to locate

17  their own witness.

18      Even if Trial Counsel's failure to subpoena Mr. Skifich was deficient, Mr.

19  Brown must show there is a reasonable probability that the result of the proceeding

20  would have been different.  The record is clear that Mr. Brown's decision to proceed

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 19

1   to trial was motivated by the prospect of cross-examining the lab chemist who

2   performed the initial test in furtherance of Defense's case theory that the initial

3   report was "manufactured."  ECF Nos. 2549 at 17; 2070 at 27.  However, Mr.

4   Brown offers no indication of what Mr. Skifich would have testified to in support of

5   the claim that the initial report was "manufactured."  *See United States v. Berry*, 814

6   F.2d 1406, 1409 (9th Cir. 1987) (rejecting ineffective assistance of counsel claim

7   where there was no explanation as to how witnesses' testimony would have changed

8   the outcome of the hearing).  Furthermore, the retest allegedly confirmed the initial

9   report's result: the pills seized in the buy from Mr. Brown contained oxycodone.

10  ECF No. 2070 at 29.

11      Accordingly, Mr. Brown's claim that Trial Counsel provided ineffective

12  assistance by failing to subpoena former DEA Chemist Luke Skifich does not meet

13  the *Strickland* test.

14  **5. Dissemination of Co-Defendant's Sealed Plea Agreement**

15      Finally, Mr. Brown claims that Trial Counsel disseminated Co-Defendant's

16  sealed plea agreement to Mr. Brown and allegedly instructed Mr. Brown that he

17  could be in possession of said agreement.  ECF No. 2549 at 7.  Mr. Brown asserts

18  that the Government improperly exposed the sealed plea agreement to Trial Counsel

19  who turned over the document to Mr. Brown when he asked Trial Counsel for the

20

1    exhibit, in a concerted effort to entice Mr. Brown to plead guilty.  ECF Nos. 2549 at

2    5, 2585 at 4.

3         As noted above, in addition to showing that counsel's performance was

4    deficient, a petitioner must show that "there is a reasonable probability that, but for

5    counsel's unprofessional errors, the result of the proceedings would have been

6    different." *Strickland*, 466 U.S. at 694.  It is permissible to skip straight to the

7    prejudice question "[i]f it easier to dispose of an ineffectiveness claim on [that]

8    ground." *Id.* at 697.

9         Regardless of whether Mr. Brown's possession of the Co-Defendant's sealed

10   plea agreement can be attributed to Trial Counsel, Mr. Brown has failed to show that

11   "there is a reasonable probability that, but for counsel's [alleged] unprofessional

12   errors, the result of the proceedings would have been different." *Id.* at 694.  Mr.

13   Brown was indicted and convicted in a separate proceeding stemming from his

14   possession of the protected documents.  *See* Case No. 2:15-CR-83-RMP.  Mr.

15   Brown has failed to show that the result of these proceedings, related to drug

16   trafficking charges, would have resulted in a different outcome but for the

17   dissemination of the Co-Defendant's plea agreement after-the-fact.  As the Court

18   already found, Mr. Brown entered a plea of guilty voluntarily and knowingly.  ECF

19   Nos. 1467, 2071 at 18 ("I take responsibility for what I've done . . . I plead guilty to

20   my relevant conduct.").

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 21

1    Therefore, Mr. Brown's claim that Trial Counsel provided ineffective

2    assistance by allegedly disseminating the sealed plea agreement does not meet the

3    second prong of the *Strickland* test.

4    In conclusion, the Court has no basis to vacate, set aside, or correct Mr.

5    Brown's sentence. An appeal of this Order may not be taken unless a circuit judge

6    or district judge issues a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1).

7    The Court may only issue a COA "if the applicant has made a substantial showing of

8    the denial of a constitutional right." *Id.* "The petitioner must demonstrate that

9    reasonable jurists would find the district court's assessment of the constitutional

10   claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 120 (2000). Based

11   upon the record before the Court, the resolution of the issue of ineffective assistance

12   of counsel is not debatable among reasonable jurists and this issue does not warrant

13   further proceedings. Therefore, a certificate of appealability shall not issue as to the

14   ineffective assistance of counsel claim.

15   Accordingly, **IT IS HEREBY ORDERED**:

16   1. Mr. Brown's Motion to Vacate, Set Aside, or Correct Sentence, **ECF No.**

17   **2549**, is **DENIED**.

18   2. In so ruling, the Court finds that an evidentiary hearing is not necessary

19   because the motions, files, and records of the case conclusively show that

20   the Mr. Brown is not entitled to relief.

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 22

1    3. A Certificate of Appealability is not issued as to whether Mr. Brown's

2        Trial Counsel provided ineffective assistance of counsel.  If Mr. Brown

3        wishes to appeal, he must file a timely notice of appeal with the Clerk of

4        Court.  Mr. Brown may seek a certificate of appealability from the Ninth

5        Circuit by filing a request in that court.

6        **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

7   Order and provide copies to counsel and Mr. Brown.

8        **DATED** this November 9, 2020

9

                            _s/ Rosanna Malouf Peterson_

10                          ROSANNA MALOUF PETERSON
                            United States District Court Judge

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR
CORRECT SENTENCE ~ 23